**SIG TRY SIG, INC.; Sextant Travel Services, Plaintiffs,**

v.

**PHILIPPINE AIRLINES, INC.; Pacific Air Leisure Services;, Defendants—Appellees,**

**Alexander ANOLIK; Anthony Palik, Real Parties in Interest— Appellants.**

No. 01–16856.
D.C. No. CV–00–03683–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Jan. 9, 2003.

Before B. FLETCHER, ARNOLD *
and RAWLINSON, Circuit Judges.

* The Honorable Richard S. Arnold, Senior
United States Circuit Judge for the Eighth
Circuit Court of Appeals, sitting by designa-
tion.

## MEMORANDUM **

The district court did not abuse its discretion by imposing sanctions on Plaintiffs and their attorneys. Sanctions may properly be imposed if either (1) the complaint is legally or factually baseless, or (2) the complaint was filed for an improper purpose. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986).

█ The relief requested by Plaintiffs in their original complaint and in their first amended complaint ("FAC") directly violated an order issued by the Bankruptcy Court of the Northern District of California, which prohibited Plaintiffs from bringing suit against Philippine Airlines ("PA") in order to enforce a General Sales Agency ("GSA") Agreement that Plaintiffs had entered into with PA several years earlier. The complaints were therefore filed for an improper purpose.

In addition, the claims asserted by Plaintiffs in their original complaint were legally and factually baseless. The changes made by Plaintiffs in the FAC did not adequately strengthen their claims or address the concerns of the district court regarding the viability of those claims. The frivolousness of Plaintiffs' claims provides another justification for the district court's imposition of Rule 11 sanctions.

█ The district court did not abuse its discretion in apportioning part of the monetary sanctions against Mr. Palik. *See Pavelic & LeFlore v. Marvel Ent. Group,* 493 U.S. 120, 123, 127, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (holding that an attorney who signs a paper filed with the court is liable for sanctions if the court later determines that the paper was submitted in violation of Rule 11). Mr. Palik's partic-

ipation in the representation of Plaintiffs consisted of signing Plaintiffs' brief in opposition to PA's motion to dismiss the FAC, orally arguing the motion to dismiss the original complaint, and appearing with Mr. Anolik at oral argument on the motion to dismiss the FAC. The district court acted within its discretion when sanctioning Mr. Palik for his involvement in presenting and defending Plaintiffs' frivolous and improper claims.

AFFIRMED.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.